## SNIPES v. STATE.*

(Division A.  Oct. 4, 1926.)

[109 So. 722.  No. 25898.]

1. AUTOMOBILES. *Thirty miles per hour is maximum speed allowed for automobiles on highway (Hemingway's Code, section 5775).*
   Under Hemingway's Code, section 5775 (Laws 1916, chapter 116), maximum speed for motor vehicle on highway is thirty miles per hour; provision against operation at greater speed than reasonable and proper, having regard to traffic, etc., not enlarging maximum rate, but being a limitation on right to operate at such rate.

2. CRIMINAL LAW.
   Specific objection that order precisely specifying amendment allowed, of affidavit charging offense, was not entered on the minutes, is not available where first made on appeal.

3. AUTOMOBILES.
   Under Hemingway's Code, section 5787, regulating speed of motor vehicles and providing maximum penalty of one hundred dollars for first offense, sentence of fifty dollars fine and thirty days in jail for first offense is erroneous.

---

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 68, n. 34; Motor Vehicles, 28 Cyc, p. 34, n. 84; p. 49, n. 56; Validity and construction of Acts regulating speed of automobiles, see note in L. R. A. 1918D, 145; 26 A. L. R. 902; 2 R. C. L. 1177; 1 R. C. L. Supp. 716; 5 R. C. L. Supp. 130.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

J. L. Snipes, on appeal to circuit court from a justice of the peace, was convicted of violation of statute regulating speed of motor vehicles, and he appeals.  Remanded for proper sentence; otherwise affirmed.

*John R. Anderson,* for appellant.

I.　It is the contention of the appellant that the word "highway" means a highway out in the country and not in any city, town or village.　In other words, the cities, towns and villages have streets and not highways.　The legislature recognized this fact in section 6673, Hemingway's Code, and the supreme court recognized this distinction in *I. C. R. R. Co.* v. *State,* 71 Miss. 253, 14 So. 459; *M. & O.* v. *State,* 51 Miss. 137, 140.　Therefore, in view of the fact that in the affidavit in this case the defendant was charged with speeding on a public highway at a greater rate of speed than thirty miles an hour, it is our contention that he had a right to do so under section 5775 unless the affidavit negatived the first part of said section.　In other words, if the defendant was operating his motor vehicle at a greater rate of speed than thirty miles an hour, his right to do so was not impaired unless the affidavit alleged that the territory contiguous thereto was closely built up or that he was endangering life and property, etc.

It is our contention that the thirty mile speed limit does not take effect unless that speed is dangerous to the traveling public and its property; and then if that is the case, it is the duty of the state to so allege in its affidavit and this it failed to do.

II.　After the filing of the demurrer the court allowed the district attorney to amend the affidavit so as to designate the place of the accident as a public highway. The only way this affidavit can be amended is by means of a motion on the minutes of the court "setting out *exactly* the amendment to be made, followed by an order of court directing *exactly* the amendment to be made."

III.　The only instruction asked for and given the state charged the jury that if they believed, etc., that the defendant drove his automobile along "a public high-

way," then, etc. This instruction is erroneous because the only highway in question was the Bankhead Highway.

IV. The court erred in entering the judgment entered in this cause because the defendant was fined fifty dollars and sentenced to jail for a term of thirty days. Section 5787, Hemingway's Code, does not provide for a jail sentence until the second offense. Therefore, the court committed error in entering this judgment.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

I. *The affidavit as amended was valid.* This prosecution is based on section 5775, Hemingway's Code. A careful reading of the statute shows conclusively that the legislature intended, and did, make the maximum speed at any time or place, thirty miles an hour. The clause "subject, however, to the other provisions of this act" is a further limitation on the speed.

There is no authority in the law anywhere to be found that allows a person to operate a motor vehicle at a greater rate of speed than thirty miles per hour. The affidavit charges and the proof shows that appellant operated a motor vehicle at a greater rate of speed than thirty miles per hour on a public highway of the state. The affidavit also named the highway and designates the place where the automobile is alleged to have violated the law.

II. *The affidavit was properly amended in the circuit court.* Section 1267, cited by counsel for appellant, applies where it is sought to amend an indictment. Section 1269 provides the way in which an affidavit filed before a justice of the peace may be amended in the circuit court. This section does not require the same particularity as is required by section 1267 with reference to amending indictments.

The record shows that the amendment was actually written into the face of the affidavit before a trial was had. It also appears from the record that a judgment was entered on the minutes of the court allowing this amendment to be made. It is true that the judgment does not recite exactly the amendment to be made, but under the law this is not necessary in making an amendment to an affidavit. Section 1269, Hemingway's Code; *Coulter* v. *State,* 75 Miss. 356; *Triplett* v. *State,* 80 Miss. 379; *Brown* v. *State,* 81 Miss. 137.

Furthermore, no special exemption was made to the mode in which the affidavit was amended in the trial court. *Richberger* v. *State,* 90 Miss. 806. *Evans* v. *State,* 108 So. 725, does not apply here (1) because an indictment there was amended and not an affidavit; and (2) in the Evans case special exceptions and objections were made.

III. *The instruction requested by the state was properly granted.* The only criticism of the instruction granted at the request of the state is that it used the article "a" instead of the article "the" in describing the public highway. The testimony in the case was confined to the Bankhead Highway at a certain place designated by the affidavit. No proof of speeding at any other time or place was admitted in testimony. The instruction limits the jury to find that the defendant violated the speed law at the time and place laid in the indictment.

IV. *The sentence of the court.* The court below erred in sentencing the defendant to serve a term in the county jail and for this reason the judgment of the trial court should be reversed and remanded in order that the proper sentence may be pronounced against the defendant. Where the verdict of the jury finding the accused guilty is regular and valid but the sentence of the court is erroneous, the judgment of the court may be reversed without disturbing the verdict, and the cause remanded with

directions to the court below to pronounce a correct judgment. *Burden* v. *State,* 45 So. 705; *Maynes* v. *State,* 22 So. 871; *Bedell* v. *State,* 50 Miss. 492; *Norton* v. *State,* 65 Miss. 297.

COOK, J., delivered the opinion of the court.

The appellant, J. L. Snipes, was convicted in a justice of peace court on a charge of violating the statute regulating the speed of motor vehicles on public highways, the gist of the charge being that he was driving at a greater rate of speed than thirty miles per hour. On appeal to the circuit court, a demurrer to the affidavit was interposed and sustained, and the state, on motion of the district attorney, was permitted to amend the affidavit by more particularly describing the highway and the place of the commission of the offense. This amendment was made by writing the same into the face of the affidavit, but no order allowing the amendment was entered on the minutes of the court until after the conclusion of the trial. The appellant was convicted and sentenced to pay a fine of fifty dollars and to serve thirty days in jail, and from this conviction and sentence this appeal was prosecuted.

The first ground for reversal urged by counsel for appellant is that the affidavit, which merely charged that the defendant drove his automobile on the public highway at a greater rate of speed than thirty miles per hour, charges no offense, or, in other words, that it is not a violation of the statute regulating the speed of motor vehicles to drive on a public highway at a greater rate of speed than thirty miles per hour, unless so to do is unreasonable and improper, having due regard to the traffic and use of the highway, or is dangerous to the life or limb of persons or the safety of property. We do not so construe the language of this statute. The provisions regulating the speed of motor vehicles is found

in chapter 116, Laws of 1916 (section 5775, Hemingway's Code), which reads as follows:

"No person shall operate a motor vehicle on a public highway, or street, avenue or alley of any city, town or village in this state at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway, or so as to endanger the life or limb of any person or the safety of any property, or in any event on any public highway where the territory contiguous thereto is closely built up, at a greater rate of speed than fifteen miles per hour, or elsewhere in any incorporated city, town or village at a greater rate of speed than fifteen miles per hour, or elsewhere outside of any incorporated city, town or village at a greater rate of speed than thirty miles per hour, subject, however, to the other provisions of this act."

The provision that no person shall operate a motor vehicle on a public highway at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway and the safety of life and property, does not enlarge the maximum rate fixed in the latter part of the section, but is rather a limitation upon the right to operate such a vehicle at the maximum rate. Leaving out the intervening clauses, this statute simply provides that no person shall operate a motor vehicle in any event on a public highway outside of any incorporated city, town, or village at a greater rate of speed than thirty miles per hour, "subject, however, to the other provisions of this act;" that is to say, that the right to maintain a speed of thirty miles per hour is limited by the other provisions of the act which require that the speed shall at all times be regulated so as to conserve the safety of life, limb, and property, and which limit speed to fifteen miles per hour on "any public highway where the territory contiguous thereto is closely built up."

The appellant next seeks a reversal on the ground that the order permitting an amendment of the affidavit was not entered on the minutes until after the trial of the cause, and that the order as entered did not specify precisely the amendment, as required by section 1509, Code of 1906 (section 1267, Hemingway's Code). The last above-mentioned section is applicable only to amendments of indictments, while section 1511, Code of 1906 (section 1269, Hemingway's Code), provides that:

"When an appeal is presented to the circuit court in any criminal case from the judgment or sentence of a justice of the peace or municipal court, it shall be permissible, on application of the state or party prosecuting, to amend the affidavit, pleading, or proceedings so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit; the amendment to be made on such terms as the court may consider proper."

It is not necessary, however, to here decide whether the same strictness is required in amending an affidavit as is required by section 1509, Code of 1906 (section 1267, Hemingway's Code), in amending an indictment, for, if it be conceded that an order of the court, precisely specifying the amendment should have been entered on the minutes, it will avail this appellant nothing, for the reason that no specific objection was made in the court below on that ground. In the case of *Richburger* v. *State,* 90 Miss. 806, 44 So. 772, in which was involved the amendment of an indictment, the court said:

"It does not appear that an order of court allowing the amendment, specifying it precisely, was entered on the minutes, as required by Code 1906, section 1509, but no objection was made in the court below to the amendment on this ground. Had objection been made there, even in the motion for a new trial, the order would no doubt have been entered, as it could have been at any time, *nunc pro tunc* as of the date when the entry should

have been made. The absence from the record of the minute entry cannot, therefore, be considered by this court.''

There is no merit in the appellant's criticism of the one instruction granted to the state, and we find no reversible error except as to the penalty imposed by the learned circuit judge. The appellant was charged and convicted as for a first offense, and section 5787, Hemingway's Code, which fixes the penalty for a violation of the section regulating the speed of motor vehicles, provides a maximum penalty of one hundred dollars for a first offense. The court below sentenced this appellant to pay a fine of fifty dollars and to serve thirty days in jail. Under section 5787, Hemingway's Code, imprisonment for thirty days may be imposed only in case of a proper charge and conviction for a third offense. Consequently, the judgment of the court below sentencing the appellant will be reversed, and the cause remanded for proper sentence; otherwise the cause is affirmed.

*Remanded for proper sentence; otherwise affirmed.*